IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC S. CASON, SR. #180-571
        Plaintiff        :

        v.        :  CIVIL ACTION NO. CCB-06-2085

MDPSCS, et al.,        :
        Defendants

**MEMORANDUM**

On July 17, 2006, plaintiff Marc S. Cason, Sr., a prisoner incarcerated at the Roxbury Correctional Institution in Hagerstown ("RCI"), filed a civil rights action seeking money damages and injunctive relief requiring replacement of his wheelchair and alleging that conditions at RCI violate the Americans With Disabilities Act ("ADA").[1] The case is now before the court on an unopposed[2] motion to dismiss or for summary judgment filed on behalf of the Department of Public Safety and Correctional Services ("DPSCS") and the Maryland Division of Correction ("DOC"). (Paper No. 13). No hearing is needed to resolve the issues presented in this case. *See* Local Rule 105.6 (D. Md. 2004).

In his complaint, plaintiff contends that RCI's walkways are inclined and slanted, the cells and doorways are too small for easy maneuvering with his wheelchair, the faucets in the sink are hard to reach, there are insufficient areas for outdoor exercise for those in wheelchairs, mentally ill

---

[1] In order to state a claim under the Americans with Disabilities Act, a plaintiff must show: (1) that he is a person with a disability as defined by the statute; (2) that he is otherwise qualified for the benefit he claims to have been denied; and (3) that he was excluded from the benefit due to discrimination based on disability. *See Doe v. University of Md. Medical Systems Corporation*, 50 F.3d 1261, 1265 (4th Cir. 1995); *see also* 42 U.S.C. § 12131 *et seq.* Title II of the ADA applies to state prisons. *See Pennsylvania Department of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Clerk on March 8, 2007, informed plaintiff that a dispositive motion had been filed, that plaintiff had seventeen days in which to file written opposition to the motion, and if plaintiff failed to respond, the case could be dismissed without further notice. Paper No.14. Plaintiff has failed to respond.

prisoners have threatened him, he is fed in an ant-infested cell, the cafeteria lacks handicap tables, and he is forced to visit the commissary, mail room and infirmary in inclement weather.[3] Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. *See Woodford v. Ngo*, 126 S.Ct. 2378, 2382-83 (2006) (exhaustion of administrative remedies is mandatory and must be proper); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Plaintiff, however, has failed to exhaust the full range of remedies available to him through the Maryland Division of Corrections' Administrative Remedy Process ("ARP").[4]

Plaintiff's failure to exhaust available administrative remedies defeats his lawsuit. Accordingly, a separate Order shall be entered granting defendants' dispositive motion, and closing this case.

__May 10, 2007__  
Date

_____/s/_____  
Catherine C. Blake  
United States District Judge

---

[3] Plaintiff also complains that during a five day period in August of 2006, he was locked down in 100 degree weather with only one brief opportunity to shower. Paper No. 1 at 7.

[4] Attached to the dispositive motion are copies of plaintiff's initial ARPs filed with the Warden as well as copies of appeals filed with DOC Headquarters. If unsuccessful at the institutional level, a Maryland prisoner must appeal the denial of an ARP to the Commissioner, and if unsuccessful there, must seek redress before the Inmate Grievance Office ("IGO"). *See* Division of Correction Directive 185-001, *et seq*. An affidavit from the Executive Director of the IGO demonstrates that plaintiff did not file grievances with that office in connection with the allegations raised in this case. Paper No. 13, Exhibit 2.